IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDDIE WHITE,                        No C-08-4622 VRW (PR)

         Plaintiff,

     v                           ORDER OF SERVICE

ROBERT HOREL, Warden, et al,

         Defendant(s).

_____/

Plaintiff, a prisoner at Pelican Bay State Prison ("PBSP") in Crescent City, California, has filed a pro se civil rights complaint under 42 USC section 1983 alleging that: (1) the continued operation of PBSP's Behavior Modification Unit ("BMU") pilot program past its November 21, 2007 expiration date violated the California Administrative Procedure Act (California Government Code, section 11340 et seq); (2) his initial placement in PBSP's BMU violated his right to due process as established in Wolff v McDonnell, 418 US 539 (1974); (3) his placement in PBSP's BMU denied him his rights to exercise his religion freely under the First Amendment and the Religious Land Use and Institutionalized Persons

Act ("RLUIPA") because he was prevented from attending Islamic services; and (4) the destruction of his personal property pursuant to institutional procedures after his placement in BMU violated his right to due process. Doc #9.

I

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 USC § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id § 1915A(b). Pleadings filed by pro se litigants, however, must be liberally construed. <u>Balistreri v Pacifica Police Dep't</u>, 901 F2d 696, 699 (9th Cir 1990).

To state a claim under 42 USC section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v Atkins</u>, 487 US 42, 48 (1988).

A

To establish a free exercise violation under section 1983, a prisoner must show a defendant burdened the practice of his religion without any justification reasonably related to legitimate penological interests. <u>Shakur v Schriro</u>, 514 F3d 878, 883-84 (9th

2

Cir 2008). Under <u>Turner v Safley</u>, 482 US 78, 89-90 (1987), there are four factors to consider when determining whether a regulation is reasonably related to legitimate penological interests and therefore not in violation of the Free Exercise Clause: (1) whether there is a "valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it;" (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) the "impact accommodation of the asserted constitutional right will have on guards and other inmates and on the allocation of prison resources generally;" and (4) the "absence of ready alternatives," or, in other words, whether the rule at issue is an "exaggerated response to prison concerns."

Liberally construed, plaintiff's allegation that his placement in PBSP's BMU denied him his First Amendment right to exercise his religion freely appears to state a cognizable claim under section 1983 and defendants will be served.

B

To state a claim under RLUIPA, a prisoner bears the burden of coming forward with evidence demonstrating the state's action or policy constituted a substantial burden on his exercise of religion. <u>Warsoldier v Woodford</u>, 418 F3d 989, 994-95 (9th Cir 2005). The focus of this initial inquiry necessarily is on the manner in which the plaintiff's religious exercise is affected rather than on the reasonableness of the facility's policy or regulation. <u>Id</u> at 995. "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of

3

religious belief.' 42 USC § 2000cc-5(7)(A)." Id at 994. If the prisoner "establishes the prima facie existence of such a substantial burden, on which he bears the burden of persuasion," the burden of persuasion then shifts to correctional officials to prove that any substantial burden on the prisoner's exercise of his religious beliefs is both "in furtherance of a compelling governmental interest" and the "least restrictive means of furthering that compelling governmental interest." Id; 42 USC § 2000cc-1(a); § 2000cc-2(b). Thus, a free exercise claim made under RLUIPA – as opposed to one made under the First Amendment – requires the government to meet a much stricter burden. Greene v Solano County Jail, 513 F3d 982, 986 (9th Cir 2008); 42 USC § 2000cc-1(a)(1)-(2) (2000).

Liberally construed, plaintiff's allegation that his placement in PBSP's BMU denied him his rights under RLUIPA because he was prevented from attending Islamic services appears to state a cognizable claim under section 1983 and defendants will be served.

C

Neither the negligent nor intentional deprivation of property resulting from a random and unauthorized act by a state employee states a due process claim under section 1983 if state law provides an adequate post-deprivation remedy. See Hudson v Palmer, 468 US 517, 533 (1984). If, however, the deprivation results not from a random and unauthorized act, but from "established state procedure," the availability of a post-deprivation tort action does not necessarily provide due process. See Logan v Zimmerman Brush

4

Co, 455 US 422, 435-37 (1982).

Liberally construed, plaintiff's allegation that the destruction of his personal property pursuant to institutional procedures after his placement in BMU violated his right to due process appears to state a cognizable claim under section 1983 and defendants will be served.

D

Plaintiff's claim that his initial placement in PBSP's BMU violated his right to due process as established in Wolff v McDonnell, 418 US 539 (1974) is DISMISSED. The procedural safeguards mandated by Wolff are triggered only when reclassification of a prisoner is the result of a punitive measure, rather than simply an administrative one. See Hewitt v Helms, 459 US 460, 468 (1983) (holding that there is no right to due process prior to reclassification to a higher level of security for non-punitive administrative reasons).

Here, the documents attached to plaintiff's first amended complaint show that his placement in BMU was "non-adverse." See Doc #9-4 at 16-17 & 18-19. They also show he was transferred to BMU, which is in the prison's general population, from PBSP's Security Housing Unit ("SHU"). Id. According to PBSP officials, "[t]he transfer in question is perceived as non-adverse as the move from a more restrictive setting such as SHU to the [general population] is a favorable and desired change." Doc #9-3 at 21-23. Because plaintiff's placement in PBSP's BMU was not the result of a punitive measure, but rather an administrative one, he was not entitled to

5

the procedural safeguards set forth in <u>Wolff</u>  See <u>Hewitt v Helms</u>, 459 US at 468.  His allegation regarding his initial placement in PBSP's BMU, therefore, fails to state a claim upon which relief may be granted.  See <u>West</u>, 487 US at 48 (to state a claim under 42 USC section 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated).

**E**

Plaintiff's claim that the continued operation of PBSP's BMU pilot program past its November 21, 2007 expiration date violated the California Administrative Procedure Act (California Government Code, section 11340 et seq) is DISMISSED.  Plaintiff's claim relies solely on alleged violations of state law and does not allege violations arising under federal law.  It therefore fails to state a claim upon which relief may be granted.  See <u>West</u>, 487 US at 48 (to state a claim under 42 USC section 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated).

**II**

For the foregoing reasons and for good cause shown:

1.   The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the amended complaint in this matter, all attachments thereto, and copies of this order on PBSP Warden Robert Horel, Associate Warden P T Smith, PBSP Facility B Captain R K Bell, PBSP Correctional Counselors Melton and K Cruse and Correctional Officer J Thom.  The

6

defendants listed as "John Doe 1" and "John Doe 2" are DISMISSED. The clerk also shall serve a copy of this order on plaintiff.

      2.   In order to expedite the resolution of this case, the court orders as follows:

      a.   No later than 90 days from the date of this order, defendants shall file a motion for summary judgment or other dispositive motion. A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue. If defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall so inform the court prior to the date their motion is due. All papers filed with the court shall be served promptly on plaintiff.

      b.   Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendants no later than 30 days after defendants serve plaintiff with the motion.

      c.   Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or

**7**

other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. Rand v Rowland, 154 F3d 952, 962-63 (9th Cir 1998) (en banc) (App A).

        Plaintiff also is advised that a motion to dismiss for failure to exhaust administrative remedies under 42 USC section 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. Wyatt v Terhune, 315 F3d 1108, 1120 n14 (9th Cir 2003).

        d.    Defendants shall file a reply brief within 15 days of the date on which plaintiff serves them with the opposition.

        e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

        3.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

        4.    All communications by plaintiff with the court must

8

be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

5. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge

G:\PRO-SE\VRW\CR.08\White-08-4622-order of service.wpd

**9**